UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-8445-DMG (AJW)** | Date | March 24, 2015 |
| Title | *Tony Adjian v. JPMorgan Chase Bank, N.A., et al.* | Page | 1 of 1 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DENYING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT [16]**

On September 12, 2014, Plaintiff Tony Adjian filed a Complaint in the Los Angeles County Superior Court against Defendant JPMorgan Chase Bank, N.A. Notice of Removal, Ex. B, ("Complaint"). [Doc. # 1.] On October 31, 2014, Defendant filed a petition and notice of removal ("Removal Petition") to this Court asserting diversity jurisdiction. [Doc. # 1.]

On December 1, 2014, Plaintiff filed the instant motion to remand ("MTR") this case to state court on the ground that Defendant's filing and service of its notice for removal was not timely. [Doc. # 16.] Defendant filed an opposition ("Opp.") on December 24, 2014. [Doc. # 22.] Plaintiff filed a reply ("Reply") on January 8, 2015. [Doc. # 23.] On January 14, 2015, the Court deemed the MTR appropriate for decision without oral argument and vacated the January 16, 2015 hearing date. [Doc. # 25.]

While Defendant does not raise the fact that Plaintiff's MTR was untimely filed, the Court must address this procedural defect. "A motion to remand the case on the basis of any defect other than the lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Here, Plaintiff's MTR is based solely on a procedural defect in the removal, and was filed over 30 days after the removal. Plaintiff does not challenge the removal due to lack of subject matter jurisdiction.

As failure to timely remove an action is a non-jurisdictional procedural defect, the Court cannot even remand this case *sua sponte*. *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). Because Plaintiff failed to timely challenge the removal under Section 1447(c), the Court **DENIES** the MTR.

**IT IS SO ORDERED.**

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |