1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY ADJIAN, | Case No. 14CV-08445 DMG (AJW) |
| Plaintiff, | **ORDER ON STIPULATED PROTECTIVE ORDER** |
| v. | Complaint Filed: September 12, 2014 |
| JPMORGAN CHASE BANK, N.A., and DOES 1 through 50, Inclusive, | Trial Date:          January 5, 2016 |
| Defendants. | |

Chase-Adjian -
Proposed Order re    28

Based upon the Stipulated Protective Order submitted by the parties, and for good cause shown, the Court hereby ORDERS THAT:

This Stipulation and Protective Order shall be applicable to and shall apply to the production and exchange of all document requests and documents, interrogatories and answers to interrogatories, depositions, request for admissions, and responses to requests for admissions, exhibits, and pleadings and all other information exchanged and furnished in this Action by the parties that the parties customarily treat as confidential, proprietary, and/or a trade secret.

## 1.   SCOPE

(a)    The parties acknowledge that discovery has required disclosure of information that is private and personal or confidential and proprietary, specifically personnel records, personnel policies, medical records, financial records and statements and other records related to Defendant's business and lending practices, along with other trade secret information, and that further discovery may require disclosure of such private and personal or confidential and proprietary information. As a result, the parties agree to enter into a Protective Order on the following terms to ensure the continuing confidentiality of such information.  The parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

(b)    This Protective Order shall limit the use or disclosure of documents, deposition testimony, and related information which are or which embody or disclose any information falling with the scope of Paragraph (1)(a) and designated hereunder as "Confidential," and shall apply to:

(i)    All such documents, including those produced by third parties, designated as "Confidential" in accordance with the terms of this Protective Order and the applicable legal standards;

1

(ii)     Portions of deposition testimony and transcripts and exhibits thereto which include, refer or relate to any Confidential Information;

(iii)    All information, copies, extracts and complete or partial summaries prepared or derived from Confidential Information; and

(c)     It is the obligation of each party to designate documents, testimony, or other information as "Confidential" hereunder and assert that he or she believes in good faith that such material is Confidential Information which falls within the scope of Section (1)(a) and is not otherwise available to the public generally.  Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.   A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

## 2.    DESIGNATION OF DOCUMENTS AND DEPOSITIONS

(a)     Designation of a document as "Confidential" shall be made by stamping or writing CONFIDENTIAL on the document(s).   Alternatively, the parties may designate documents as "Confidential" by producing the documents with a letter designating the documents by Bates number as "Confidential."   The parties shall make all reasonable effort to designate as "Confidential" only those documents that they reasonably believe constitute personnel records, personnel policies, employment offers, competitive analyses, income statements, employee, client or customer personal information, medical records, financial records and statements, and trade secret information.  The failure to designate documents as "Confidential" at the time of production shall not constitute a waiver of the protection of this Order and any party may, at any time up to 30 days before the actual date date in this action, designate any documents or information produced as "Confidential" that have not as

yet been so designated.  Stamping the legend "Confidential" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the Designating Party, but only if the entire document is produced in a bound or otherwise intact manner.

(b)    Designation of a deposition or other pretrial testimony, or portions thereof, as "Confidential" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony.  The portions of depositions so designated as "Confidential" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order: the parties and their attorneys and staff, court reporters, videographer, the deponent, and the deponent's attorney.  Failure of any other person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of Confidential Information so long as persons are in attendance who are not entitled by this Protective Order to have access to such information.  The parties may, but need not in order to designate material as Confidential Information, instruct court reporters to segregate such portions of the deposition in a separate transcript designated as "Confidential."  Portions of such deposition transcripts shall be clearly marked as "Confidential" on the cover or on each page, as appropriate.

(c)    Any party may designate documents produced or portions of depositions taken as containing Confidential Information even if not initially marked as "Confidential" in accordance with the terms of this Protective Order by so advising counsel for each other party in writing and by reproducing said documents with the required confidential designation.  Thereafter, each such document or transcript shall be treated in accordance with the terms of this Protective Order; provided, however, that there shall be no liability for any disclosure or use of such documents or transcripts, or the Confidential Information contained therein, which occurred prior to actual receipt of such written notice.  Any person who receives

actual notice of any such designation of previously produced documents or deposition transcripts as containing Confidential Information shall thereafter treat such information as if it had been designated as "Confidential" at the time he, she, or it first received it in connection with this matter.

(d)     Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by designating documents produced or portions of depositions taken as containing Confidential Information, even if not initially marked as "Confidential," in accordance with the terms of this Protective Order.

## 3.     LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION

(a)     No Confidential Information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein.  In no event shall Confidential Information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order.

(b)     Confidential Information shall not be disclosed by any person who has received such information through discovery in this action to any other person, except to:

(i)     The parties;

(ii)     Attorneys of record for the parties and their firms' associates, clerks and other employees involved in the conduct of this litigation, and any court reporters, videographers, or interpreters engaged to assist the parties in discovery;

(iii)     Defendant's, its subsidiaries', or its affiliates' in-house counsel;

(iv)     Non-party experts and consultants engaged by counsel for the purpose of preparing or assisting in this litigation, and those experts' respective clerks and employees involved in assisting them in this litigation, to the extent

1  deemed necessary by counsel;

2          (v)     The Court and its personnel and staff;

3          (vi)    Any person as to which it is apparent from the face of a document

4  was either an author, recipient, had knowledge of the contents therein, or was

5  otherwise entitled to view the Confidential Information prior to the intended

6  disclosure in this action; and

7          (vii)   Any other potential witnesses whose testimony may be used in

8  connection with the present case who has complied with Paragraph 3(c) immediately

9  below.

10         (c)     Before any person described in Paragraphs 3(b)(iv) and (vii) receives or

11 is shown any document or information which has been designated as Confidential,

12 such person shall be given a copy of this Protective Order and shall agree in writing,

13 in the form of the Acknowledgment and Agreement attached hereto as Exhibit A, to

14 be bound by the terms hereof.  The original of each such Acknowledgment and

15 Agreement shall be maintained by counsel and, if a witness appears at deposition or

16 at trial and represents that he or she previously executed an Acknowledgment, it

17 shall be produced for inspection by opposing counsel upon request.  Any counsel

18 may require the other counsel to provide a copy of the Acknowledgment and

19 Agreement signed by a witness at a deposition before the witness is deposed with

20 regard to any Confidential Information.

21         (d)     Nothing in this Protective Order shall be construed to require execution

22 of the written Acknowledgment and Agreement referred to in Paragraph 3(c) above,

23 or to prevent disclosure of Confidential Information, by the party producing and

24 designating such Confidential Information, or by any employee of such party.

25         (e)     The substance or content of Confidential Information, as well as all

26 notes and memoranda relating thereto, shall not be disclosed to anyone other than as

27 set forth in Paragraphs 3(b)(i)-(vii) above.

28 ///

## 4.    FILING DOCUMENTS UNDER SEAL

If a Party wishes to submit a document to the Court which the other Party has designated as Confidential or which contains Confidential Information and which has not been successfully challenged under Paragraph 5 below, the submitting Party shall notify the Designating Party of the exact material which the Party intends to submit to the Court at least 35 days prior to the date on which the Party intends to make the submission, so as to provide the Designating Party sufficient time to determine whether it needs to bring the issue up with the Court.

If a party desires to move the Court for an order that Confidential material be filed under seal, that party must comply with the Federal Rule of Civil Procedure 26(c) and Central District of California Local Rule 79-5 regarding lodging or filing material under seal.  A Party may file documents under seal only for good cause and to the extent necessary to preserve legitimate confidentiality concerns. Should the Court deny the application to file documents under seal that which a party has attempted to lodge or file pursuant to this Protective Order, the party's adherence to the Court's order may not be deemed a violation of this Protective Order.

## 5.    CHALLENGE TO CONFIDENTIALITY DESIGNATION

Any party that wishes to challenge the designation of a document or other information as "Confidential" must identify the documents or information for which it is challenging the designation no later than 30 days after receipt of the Confidential material.  The Designating Party may, for good cause shown, bring a motion before the Court requesting that the Court confirm the designation of any document or information as "Confidential."  The party asserting the designation as "Confidential" shall have the burden of establishing good cause for the designation.   The parties shall comply with all applicable rules associated with any motion related to the designation of Confidential material, including compliance with Local Rules 37-1 and 37-2.   The interested parties or other persons shall attempt to resolve such disagreements before submitting them to the Court.   Pending resolution of any

dispute concerning such designation, all parties and persons governed by this Protective Order shall treat all documents and information previously designated as "Confidential" as protected from further disclosure by this Protective Order.

## 6.   SURVIVAL OF ORDER - RETURN OF DOCUMENTS

(a)   The provisions of this Order shall continue in effect until otherwise ordered by the Court, or after notice and an opportunity to be heard is afforded to the parties to this action.  The final determination or settlement of this action shall not relieve any person who has received Confidential Information or agreed to be bound by the terms of this Protective Order of his, her, or its obligations under this stipulation and Order.   The Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order.   Upon completion of the litigation, all documents (including copies of documents) containing Confidential Information shall be destroyed or returned to counsel for the producing party, except that (a) documents on which any person has made notations may be destroyed and not returned, and (b) the parties' respective attorneys of record may retain one copy of each such document for use in connection with any disputes which may arise under the Court's retention of jurisdiction as provided for herein. Within thirty days (30) of the conclusion of this litigation, the attorneys for the receiving party shall provide the attorneys for the producing party a certificate representing that such return or destruction was made.

(b)   Except as provided in Paragraphs 4 or 6 hereof, documents or things containing the other party's Confidential Information shall at all times be in the physical possession of those persons qualifying under Paragraph 3 hereunder, or kept by counsel of record at the premises regularly maintained by such counsel of record as and for their respective law offices.

## 7.   USE OF DOCUMENTS AT TRIAL

This Stipulation and Protective Order, except as provided in Paragraph 4, shall not apply to information designated or marked Confidential hereunder which is used

at any evidentiary hearing or trial in this action.  The parties hereby reserve their rights to use, or seek to limit the disclosure of, confidential information at any such hearing or trial.

**8.     USE OF OWN DOCUMENTS BY PRODUCING PARTY**

Nothing in this Protective Order shall limit the use by any party, person or entity of his, her, or its own document or information for legitimate business purposes unrelated to this litigation, even if such documents or information have been designated as "Confidential."

**9.     APPLICATIONS TO COURT**

(a)     This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which would be otherwise available. This Protective Order shall not preclude or limit any party's right to seek *in camera* review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

(b)     Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

(c)     The parties hereto, and all other persons who receive Confidential Information pursuant hereto, agree that any party or other person injured by a violation of this Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy.  In the event any person shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply with the Court to obtain injunctive relief against any such person.  In the event the aggrieved party shall do so, the responding person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law.  Any persons subject to the terms of this Order agree that the Court shall retain jurisdiction over it

and them for the purposes of enforcing this Order, including but not limited to issuing an injunction.  In addition to injunctive relief, as specified herein, the Court may impose monetary and/or issue sanctions, as well as other relief deemed appropriate under the circumstances for a violation of this Protective Order.

(d)     If any deponent required under the terms of this Protective Order to execute the written Acknowledgment and Agreement described in Paragraph 3(c) above refuses to do so, the parties may complete the deposition on other matters and/or adjourn it and move the Court for any appropriate relief, including (without limitation) relief from this Protective Order as to that deponent, or an order that the deponent shall execute the written agreement described in Paragraph 3(c) above, or an order that deponent shall be bound by the terms of this Protective Order.  Any non-party whose Confidential Information is the subject of such a motion shall be given notice thereof.

## 10.    AGREEMENT TO COOPERATE

The parties hereto and their respective attorneys of record agree that, when one party's attorney requests a deponent to sign the written Acknowledgment and Agreement described in Paragraph 3(c) above, the other party's attorney will join in such request, unless that attorney has a good faith basis for refusing to join in such a request; provided, however, that this requirement shall not apply with respect to any deponent who is represented at his or her deposition by an attorney of record for any party hereto (including any member or associate of their respective law firms).  An attorney's request to sign such Acknowledgment pursuant to this Paragraph shall not be construed to constitute legal advice to the deponent, but shall and may be stated to be simply a request to facilitate discovery in this action.

## 11.    NO ADMISSIONS

Neither entering into this Stipulation for Protective Order, nor receiving any documents or other information designated as "Confidential" shall be construed as an agreement or admission: (1) that any document or information designated as

"Confidential" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential"; or (3) as to the authenticity, competency, relevancy or materiality of any information or document designated as "Confidential."

## 12. NO WAIVER OF PRIVILEGES OR OBJECTIONS TO ADMISSIBILITY

Nothing in this Protective Order shall be construed as requiring disclosure of Confidential Information, including, but not limited to, materials subject to protection under the attorney-client privilege and/or attorney work product doctrine, the trade secrets privilege, or under any other applicable privileges or rights of privacy, or requiring disclosure of Confidential Information that is otherwise beyond the scope of permissible discovery. Further, nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

## 13. DISCLOSURE IN VIOLATION OF ORDER

If any Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately, in writing, notify the opposing party and the Designating Party of all pertinent facts relating to such disclosure, and without prejudice to the rights and remedies of the Designating Party, make every effort to prevent further unauthorized disclosure. Nothing in this Order shall be construed as authorizing a party to disobey a subpoena in another action. However, if a party receives a subpoena, or other official request, for Confidential Information, it shall immediately notify the Designating Party to enable the Designating Party to take appropriate action.

## 14. MODIFICATION - FURTHER AGREEMENTS

Nothing contained herein shall preclude any party from seeking from the Court modification of this Stipulated Protective Order upon proper notice, nor shall anything contained herein be construed as to preclude the parties from entering into

other written agreements designed to protect Confidential Information.

**15.     COUNTERPARTS**

This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

**IT IS SO ORDERED.**

Dated:  _____     7/16/2015

_____
ANDREW J. WISTRICH
U.S. MAGISTRATE JUDGE

## <u>EXHIBIT A</u>

**ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER**
**REGARDING CONFIDENTIAL INFORMATION**
**AND AGREEMENT TO BE BOUND THEREBY**

I hereby acknowledge receipt of and that I have read a copy of the Stipulation for Protective Order and Order (the "Order"), which I understand was made on _____, 20____, in the action entitled *Tony Adjian v. JPMorgan Chase Bank, N.A*, Case No. 14CV-08445 DMG (AJW).  I agree that I will be bound by the provisions of the Order with respect to any Confidential Information provided to me under the terms thereof.  I agree that, if I receive any Confidential Information, I will not make any copies thereof nor disclose such Confidential Information except as permitted by the Order.  I further understand that if I fail to comply with the terms of the Order, I may be subject to sanctions by the Arbitrator, and I hereby consent to personal jurisdiction in the State of California with respect to any matter relating to or arising out of the Order.

Executed this _____day of _____, 20___ at _____, _____.

Name: _____

Affiliation: _____

Address: _____

_____

Telephone Number: _____

**PROOF OF SERVICE**
Case No. 14CV-08445 DMG (AJW)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA  92626.

On July 13, 2015, I served the following document(s):

**[PROPOSED] ORDER ON STIPULATED PROTECTIVE ORDER**

☐ **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY CM/ECF:**  With the Clerk of the United States District Court of California, using the CM/ECF System.

☒ **(Federal):**  I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 13, 2015, at Costa Mesa, California.

DIANE VO
Type or Print Name                                    Signature

1

## SERVICE LIST

2

Marvin Levy, Esq.
Law Offices of Marvin Levy
12340 Santa Monica Boulevard
Suite 234
Los Angeles, CA 90025
Tel.: (310) 571-2320
Cell: (818) 298-4073
Fax:  (310) 571-2322
Email: l-levy@sbcglobal.net

Attorney for Plaintiff, TONY ADJIAN

3

4

5

6

7

8

Marvin Levy, Esq.
11806 Moorpark St., Apt G
Studio City, CA 91604
Tel: (818) 298-4073

9

10

11

21567750.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 14CV-08445 DMG (AJW)

ORDER ON STIPULATED PROTECTIVE ORDER